## CIRCUIT COURT OF THE CITY OF RICHMOND

R. R. Sharpless Co., Inc., etc.

v.

Alvis R. Hopper et al.

May 17, 1977

Case No. G-320-3

By JUDGE WILLARD I. WALKER

The court has carefully considered the evidence in this case and the memoranda submitted by counsel. The court concludes that the agreement between the parties dated September 1, 1972, which undertakes to restrict or limit the employment opportunities of the defendants Hopper and Doran, is unenforceable.

While the restraint upon these employees' legitimate efforts to earn a livelihood may be reasonable from the standpoint of the plaintiff to protect the plaintiff's legitimate business interest, the overall terms of the agreement are not reasonable insofar as they unduly and unfairly restrict the employees' legitimate employment opportunities in the future. First of all, the agreement was entered into not at the time that employment was undertaken by these employees with the plaintiff, but rather at a point in time when they were already employees and subject to discharge by the employer if they could not come to an agreement with him concerning their future conduct with the company. Secondly, the proposed gain to the employees in return for executing this covenant not to compete, was too long in fruition date and also too tenuous in that any realization to them of the consideration that would be necessary for this restrictive agreement

was subject to the prosperity of their employer. In addition, the restrictions set forth in the agreement are so broad that it would virtually preclude these employees from entering into any field that directly or indirectly competed with the business of the plaintiff.

Even though these reasons are sufficient to make this contract unenforceable, the court is persuaded more by the actions of Mr. Sharpless with respect to his own attitude toward the restrictive covenant. The court accepts as proven facts the following sequence of events. The defendants Doran and Hopper, after they formulated their plans to leave the employment of Sharpless Company, directly and pointedly inquired of Mr. Sharpless where they stood with reference to the agreement of September 1, 1972. Mr. Sharpless informed them that was no problem. He specifically testified that he did not sue his friends, and they were his friends; and, in addition to that he indicated a willingness to be of some help to them in setting up their new business enterprise. By virtue of this proven testimony, the court finds as a matter of law that the plaintiff, R. R. Sharpless Company, Inc., through its president, Mr. R. R. Sharpless, has waived the restrictive conditions of the agreement of September 1, 1972, and is estopped to assert its terms in this action in equity.